**TAUOA et al., Plaintiffs**

v.

**LAGAFUA LAISENE, Defendant**

No. 1-1954*

High Court of American Samoa

Civil Jurisdiction, Trial Division

February 11, 1954

OPINION AND ORDER DISMISSING PETITION

Heard before MORROW, *Chief Judge,* and *Associate Judges* MALEPEAI and APE on January 28, 1954 at the Administration Building in Fagatogo.

Tauoa *pro se* et al.

Atufili for Lagafua

OPINION OF THE COURT

MORROW, *Chief Judge.*

The plaintiffs Tauoa et al. filed their petition seeking an order restraining the further construction of a church in

---

* See, also, *Faagau Aitu of Saliele v. Fuaga of Sailele,* on page 488.

the village of Nu'uuli. The church building was almost completed prior to the filing of the petition. The evidence in the case shows that the church is being erected upon the land of four families, viz., the Sialega Family, the Tago Family, the Maluia Family and the Lagafua Family. The head matais of these four Families consented to the building of the church before construction was started. The Sialega Family approved the consent given by Sialega; the Tago Family approved the consent given by Tago. The last Maluia passed away some time ago and no new Maluia has been chosen. However, the Maluia Family members acting through Taufetee, who is a member of the Family, consented to the building of the church. We believe from the evidence that the members of the Lagafua Family living in Nu'uuli with Lagafua also consented. The plaintiffs complained because Lagafua did not call a family meeting and obtain consent of the Family before giving his consent to the building of the church on land, part of which is the communal family land of the Lagafua Family.

The evidence shows that the Lagafua Family has no objection to having the church built. In fact they approve of it as do the members of the Sialega and Tago and Maluia Families. Tauoa, who was the chief witness for the plaintiffs and who is their leader in this case, himself testified "They (the Family of Lagafua) want the church house to be built in their village and members of the Lagafua Family are attending the construction of the house." And again Tauoa in response to the question "In other words, you don't object to the building of the church?" answered "No." Tauoa filed with the petition a list of 73 signers in Tutuila and 17 in Upolu. He said the 90 were members of the Lagafua Family. The Court inquired of him whether these signers objected to the building of the church. He answered "No, they do not object to the construction of the church house, but they object to the authority of their ma-

tai." We are satisfied from the evidence that the plaintiffs have no objection whatever to having the church built. What they object to is the conduct of their matai in consenting to have a part of the church constructed on Lagafua communal land without his having first procured consent of the Family.

In our view it makes no difference whether the Family in a case like this consents to the action of their matai before he acts or ratifies his action afterwards. Subsequent ratification is equivalent to prior authorization.

Lagafua testified that church was not being built on any part of the Lagafua communal lands. However, we think the weight of the testimony is to the effect that a part of Lagafua communal family land is being used for the construction of the church. However, in the view we take of the case it makes no difference whether Lagafua's testimony is correct or not. All four families want the church built.

Since it is apparent to us from the evidence that Tauoa and the other plaintiffs have no objection to the building of the church and since other members of the Lagafua Family do not, as well as the members of the Sialega, Maluia and Tago Families, we think that a restraining order should be denied and that the petition of the plaintiffs should be dismissed.

It may very well be that Lagafua should have called a family meeting in accordance with Samoan customs before giving his consent to the building of the church. We think he should have. And we suggest to him that as matai of the Lagafua Family he call a family meeting for the purpose of re-establishing peace and harmony in the Family.

It should be understood that the sole matter decided in this case is whether or not an order restraining the further construction of the church should be made, and it is our decision that it should not be. The petition should be dis-

missed, since, according to the evidence, none of the Families on whose land the church is being built has any objection to its construction, but instead want it built.

### ORDER

Accordingly, the petition of the plaintiffs should be and it is hereby dismissed.

Costs in the amount of $12.50 are hereby assessed against Tauoa, the same to be paid within 30 days.